1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8
9  Rodrigo Benito Aguilar,                       No. CV-21-02214-PHX-DWL (MTM)
10              Plaintiff,                        **ORDER**
11  v.
12  Unknown Knueppel, et al.,
13              Defendants.
14

15      Before the Court is Plaintiff's motion for appointment of counsel. (Doc. 4.) The
16 Court will deny the motion.

17      There is no general right to counsel in a civil case. *United States v. Yetisen*, 370 F.
18 Supp. 3d 1191, 1194 n.2 (D. Or. 2019) (citing *United States v. 30.64 Acres of Land*, 795
19 F.2d 796, 801 (9th Cir. 1986)). 28 U.S.C. § 1915(e)(1) permits a court to appoint counsel
20 for indigent civil litigants "only in exceptional circumstances." To determine whether a
21 court should appoint counsel for a pro se litigant, a court considers: (1) the likelihood of
22 success of the pro se party's claims on the merits; and (2) the ability of the movant to
23 articulate claims in light of the complexity of the legal issues involved. *Harrington v.*
24 *Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (citing *Palmer v. Valdez*, 560 F.3d 965, 970
25 (9th Cir. 2009)).

26      Plaintiff has not satisfied either condition for appointment of counsel. First, Plaintiff
27 has not demonstrated a likelihood of success on the merits. Plaintiff makes no arguments
28 to that end. Further, Defendants have not answered, and no discovery has been conducted.

Accordingly, it is premature to say Plaintiff has demonstrated a likelihood of success on the merits. Second, Plaintiff has not demonstrated the legal issues in this case are especially complex. The claim does not involve legal or factual questions so novel and complex that appointment of counsel is necessary.

**IT IS ORDERED** Plaintiff's motion for appointment of counsel (doc. 4) is **DENIED**.

Dated this 21st day of January, 2022.

Honorable Michael T. Morrissey
United States Magistrate Judge